UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRYAN HIYAS, | Case No. 2:24-cv-00780-ART-EJY |
| Plaintiff, | **ORDER** |
| v. | and |
| ALLY FINANCIAL INC., UNITED STATES CORP., et al., | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") together with his Complaint. ECF Nos. 1, 1-1.

**I.    Application to Proceed *in forma* pauperis**

Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Thus, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).

**II.    The Screening Standard**

Upon receiving a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the

deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may therefore be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**III.   Plaintiff Sues Immune Defendants**

To the extent Plaintiff seeks money damages against the United States, the Securities and Exchange Commission, the Federal Trade Commission, and the Consumer Financial Protection Bureau, Plaintiff's claims fail as a matter of law as each of these Defendants is immune from suit. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (sovereign immunity protects the United

States, as well as its agencies, officers, and employees from actions for money damages, unless there has been an express waiver of immunity and consent to suit). *See also Sprecher v. Graber*, 716 F.2d 968, 973 (2d Cir.1983) (government agencies, including the SEC are entitled to sovereign immunity for all suits for money damages); *Trudeau v. FTC*, 456 F.3d 178, 186 (D.C. Cir. 2006) (citations omitted); *Western Shoshone Nat. Council v. United States*, 408 F.Supp.2d 1040, 1048 (D. Nev. 2005). Plaintiff has not carried and cannot carry his burden of pointing to a waiver of sovereign immunity and, in light of the case law regarding the same, the Court finds Plaintiff will not be able to do so. ECF No. 1-2. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) (per curiam), *cert. denied*, 466 U.S. 958 (1984).

Based on the foregoing, the Court recommends dismissal with prejudice of Plaintiff's claims against the United States, the Securities and Exchange Commission, the Federal Trade Commission, and the Consumer Financial Protection Bureau.

**IV.   Plaintiff Fails to State a Claim Against Paramount Recovery Service and Ally Financial Inc.**

Plaintiff's Complaint fails to state a claim for relief against Paramount Recovery Service ("Paramount") and Ally Financial Inc. ("Ally"). Rule 8 of the Federal Rules of Civil Procedure requires a complaint to plead sufficient facts to give a defendant fair notice of the claims against him and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997) (citations omitted). "[A] pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011).

Here, Plaintiff's allegations fail to plead an identifiable cause of action against Paramount or Ally. While Plaintiff's Complaint says his car was repossessed and his reputation ruined, Plaintiff pleads no facts supporting that (1) Paramount or Ally engaged in conduct resulting in these harms, (2) these harms resulted in a violation of federal law or the United States Constitution, or (3) the Court may exercise diversity jurisdiction over his claims.[1] Moreover, Plaintiff's citations to

---

[1] The U.S. District Courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions

numerous statutes and attached documents adds to an indecipherable set of allegations. Although pro se pleadings are construed liberally, Plaintiff must present factual allegations sufficient to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). Plaintiff's Complaint fails to meet this standard.

In the absence of a clear set of facts alleged against Paramount or Ally establishing one or more cause of actions over which the Court can exercise jurisdiction, Plaintiff's claims cannot proceed. *Benitez v. Schumacher*, Case No. 2:20-cv-00396-FMO (SHK), 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020).

## V.  Order

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims against Paramount Recovery Service and Ally Financial Inc. are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint Plaintiff must do so no later than **May 31, 2024**. The amended complaint must be complete in and of itself. The amended complaint must not rename the United States or federal agencies seeking money damages as these Defendants are immune from suit. Plaintiff may attempt to state a claim under federal law or based on diversity jurisdiction against Paramount Recovery Service or Ally Financial Inc. Plaintiff's amended complaint must comply with Federal Rule of Civil Procedure 8. Plaintiff must identify the specific wrongs committed by each Defendant establishing an entitlement to relief.

## VI.  Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's claims against the United States, the Security and Exchange Commission, the Federal Trade Commission, and the Consumer Financial Protection Bureau be dismissed with prejudice as these defendants are immune from suit for money damages.

---

in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a

4

IT IS FURTHER RECOMMENDED that if Plaintiff does not file an amended complaint by or before May 31, 2024, or Plaintiff's amended complaint fails to plead claims against parties over which the Court can exercise jurisdiction, the Court should dismiss this case in its entirety without prejudice.

Dated this 24th day of April, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. p1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).